IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| UNITED STATES OF AMERICA, | ) | CASE NO. 5:05CR00001 |
| --- | --- | --- |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| WILLIAM RUSSELL CARROLL, II, | ) | |
| a/k/a "Rusty" | ) | |
| | ) | |
| Defendant, | ) | By: B. WAUGH CRIGLER |
| | ) | U.S. MAGISTRATE JUDGE |

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3) and upon the defendant's consent, this case was referred to the undersigned to conduct a plea hearing.

**DEFENDANT'S RESPONSES TO RULE 11 INQUIRY**

The Grand Jury has returned a multiple count Superseding Indictment charging defendant in Count Two, with conspiring to cause another to travel in interstate commerce with the intent that the murder of another be committed in violation of the laws of any state, and providing as consideration, a promise and agreement to pay things of pecuniary value, to wit: cocaine, a firearm, ammunition and United States currency, in violation of 18 U.S.C. § 1958; in Count Six, with knowingly and intentionally making a firearm, to wit: a weapon made from an Ithaca Model 37 Featherlight .12 gauge shotgun, serial number 371595516, which has a barrel length of less than 18 inches, in violation of 26 U.S.C. § 5861(f); in Count Seven, with knowingly and intentionally receiving or possessing a firearm which is not registered to him in the National Firearm Registration and Transfer Record, to wit: an Ithaca Model 37 Featherlight .12 gauge shotgun, serial number 371595516, in violation of 26 U.S.C. § 5861(d); and in Count Nine, with knowingly and

intentionally using or carrying a firearm, and possessing a firearm, to wit: an Ithaca Model 37 Featherlight .12 gauge shotgun, serial number 371595516, during and in furtherance of a drug trafficking crime, and in relation to a crime of violence, for which he may be prosecuted in a court of the United States, in violation of 18 U.S.C. § 924(c)(1)(A), 924 (c)(1)(B)(i), and 924 (c)(1)(C)(i). On April 25, 2005, a plea hearing was conducted before the undersigned, and the defendant entered a plea of guilty to Counts Six and Seven of the Superseding Indictment pursuant to a plea agreement between defendant and the government. The government has agreed to dismiss Counts Two and Nine upon acceptance of defendant's plea to Counts Six and Seven.

At this hearing the defendant was placed under oath and testified that his full legal name is William Russell Carroll, II, that he was born on October 29, 1986, and that he completed the twelfth grade but did not graduate from high school. The defendant stated that he can read, write, and understand the English language. The defendant stated that he was fully aware of the nature of the charges against him and the consequence of pleading guilty to those charges. **The defendant further testified that he was not under the influence of alcohol, medicine, or any drug.** Defendant stated that he was subject to no other physical or mental condition that would impair his ability to understand the nature of the proceedings being held, the nature of the charges against him or the consequences of pleading guilty to those charges. Defendant's counsel stated that he had no reservations as to the defendant's competency to enter a plea of guilty to these offenses.

The defendant testified that he had received a copy of the Superseding Indictment pending against him and that he had fully discussed the charges therein, and his case in general, with his counsel. He also testified that he had read the plea agreement in its entirety and had discussed the plea agreement with his counsel before signing the agreement. He stated that he understood the

-2-

Case 5:05-cr-00001-GEC-BWC   Document 235   Filed 05/10/05   Page 2 of 9   Pageid#: 631

terms of the agreement and that the document presented to the court set forth his agreement with the government in its entirety. The defendant specifically testified that he understood that under the terms of the agreement he was waiving any right to appeal or to collaterally attack his conviction or sentence and that he was waiving his right to have a jury determine beyond a reasonable doubt the facts alleged in Counts Six and Seven, including any facts related to sentencing.

The defendant stated that he was pleading guilty of his own free will because he was, in fact, guilty of the offenses charged. The defendant also stated that no one had made any promises other than those contained in his agreement with the government, or made any assurances or threats to him in an effort to induce his plea. The defendant testified that he understood that the offenses with which he is charged are felonies and that, if his plea is accepted, he will be adjudged guilty of such offenses. Moreover, the defendant testified that he understood that he will be required to pay a mandatory assessment of $100 per count of conviction, for a total of $200, and that, at the discretion of the court, he may also be denied federal benefits, as that term is defined in 21 U.S.C. § 862, for a period of years or indefinitely, as set forth in the plea agreement. The defendant acknowledged that he consented to the administrative forfeiture, official use and/or destruction of any illegal firearms or illegal contraband seized by any law enforcement agency from his possession or from his direct or indirect control. The defendant further stated that he understood that he must submit to the government a complete and truthful financial statement revealing all his assets and liabilities on a form provided by the government within 30 days of the date of the plea agreement. The defendant stated that he was waiving his right to raise the defense of the statute of limitations if for any reason the plea agreement is withdrawn or otherwise not consummated. The defendant also testified that he was waiving all rights under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act,

5 U.S.C. § 552a, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of his case.

The defendant was informed that the maximum possible penalty provided by law for the offenses with which he is charged is, in the case of Counts Two, Six, and Seven, ten years imprisonment and a $250,000 fine, together with supervised release, for each count; and in the case of Count Nine, life imprisonment and a $250,000 fine. The defendant also was informed that the statutory minimum sentence for Count Nine is five years imprisonment, together with supervised release. The defendant was informed under the Sentencing Reform Act of 1984, the United States Sentencing Commission has issued guidelines for judges to follow in determining the sentence in a criminal case. The defendant was then informed that, in light of the United States Supreme Court's decision in *United States v. Booker*, 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are no longer mandatory but that the sentencing judge may apply them in an advisory fashion in determining a reasonable sentence. The defendant testified that he and his counsel had discussed how the sentencing guidelines might apply in his case. The defendant also testified that he understood that the court would not be able to determine the applicable guideline range, for advisory purposes, until after a presentence report has been prepared and both parties have an opportunity to challenge the reported facts and the application of the guidelines. He stated that he understood that the eventual sentence imposed may be different from any estimate his attorney has given him and that the court has the authority to issue a sentence that is either higher or lower than that called for by the guidelines, so long as the sentence is not greater than the statutory maximum for the offenses to which the defendant is pleading guilty.

The defendant testified that he understood that, pursuant to USSG §§ 3B1.1 and 3B1.2, a

maximum of four sentencing points may be added to or subtracted from his sentencing level depending on the degree to which he organized, led, managed or supervised criminal activity involving multiple participants. The defendant stated, however, that he and the government agreed that his base offense should neither be enhanced nor diminished by his role in the offense. The defendant stated that he understood that, contingent upon his acceptance of responsibility and continued cooperation in the sentencing process, and fulfillment of his duties under the plea agreement, the government will recommend a two-level (2) reduction under USSG § 3E1.1(a) for acceptance of responsibility and a one-level (1) reduction pursuant to USSG § 3E1.1(b) because he meets the listed criteria. The defendant also stated that he understood that the government is under no obligation to file a motion for substantial assistance, but that to the extent the government does exercise such discretion in this regard, he must provide such assistance in a manner set forth in the plea agreement. The defendant stated that he knew that parole had been abolished and that if he is sentenced to prison he will not be released on parole but on supervised release, a violation of which could result in additional incarceration.

The defendant testified that he understood that he had the right to a trial by a jury, in addition to the following rights, which will be waived or given up if his guilty plea is accepted:

1. The right to plead not guilty to any offense charged against him;
2. The right at trial to be presumed innocent and to force the government to prove his guilt beyond a reasonable doubt;
3. The right of assistance of counsel;
4. The right to see, hear and cross-examine witnesses;
5. The right to call witnesses to testify in his own behalf and to the issuance of subpoenas or compulsory process to compel the attendance of witnesses; and
6. The right to decline to testify unless he voluntarily elected to do so in her own defense;
7. The right to a unanimous guilty verdict;

8. The right to appeal a guilty verdict.

The defendant also testified that he understood that if he is adjudged guilty of these charges, he may be deprived of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess a firearm.

The defendant stated that he was fully satisfied with the advice and representation given to him in this case by his counsel. The defendant also testified that he understood the possible consequences of his plea and the consequences of breaching any term of the plea agreement. The defendant asked the court to accept his plea of guilty to Counts Six and Seven of the Superseding Indictment.

**THE GOVERNMENT'S EVIDENCE**

The defendant waived his right to have the government's Factual Summary read in open court and accepted said Summary in its entirety. The Factual Summary having been filed in open court, the evidence presented therein regarding the offenses charged may be summarized as follows:

On May 17, 2004, the ATF and DEA were contacted by a source of information that stated William Russell Carroll, a/k/a "Tony" (hereinafter referred to as Carroll) was involved in buying, using, and selling cocaine in and around the Winchester, Virginia area. The source of information further stated that Carroll was looking to hire a "hit man" to kill his girlfriend's husband who resides in Cumberland, Maryland.

In December of 2004, Frederick County Sheriff's Office Investigators interviewed Charlie See and his son, Nathan See, after they received information that the defendant, William Russell Carroll, II, a/k/a "Rusty," had made a sawed-off shotgun for his father. Charlie and Nathan See both stated that they both had witnessed the defendant saw the barrel off of a shotgun.

On March 29, 2005 Charles Currington, a co-defendant in this case, stated that in December

2004, he was at Carroll's residence when the defendant arrived carrying a sawed-off shotgun. Currington asked what the shotgun was for and the defendant stated it was for his father.

On January 05, 2005, the defendant was arrested as a member of this conspiracy. The defendant was advised of his Miranda rights and waived them in righting. During the subsequent interview, the defendant admitted that he made the sawed-off shotgun by cutting off its barrel for and at the direction of his father.

### *Counts Six and Seven*

On December 13, 2004, undercover agent met with Carroll for purpose of receiving weapon to be used for murder for hire. Carroll provided undercover agent with a sawed-off shotgun. Carroll told the undercover agent that this shotgun had been made by his son, the defendant. The making of the sawed-off shotgun was done at the direction of, and on behalf of Carroll. This sawed-off shotgun had overall length of 32.5 inches and barrel length of 13.75 inches. The law stipulates that overall length must be at least 26 inches AND the barrel length must be at least 18 inches. This shotgun was examined by ATF Firearms Technology Branch who determined that the shotgun "is a firearm as defined in 18 U.S.C. 921(a)(3). Having a barrel length of less than 18 inches in length, it is also a firearm as defined in 26 U.S.C. 5845(a)(1)." A search of National Firearm Registration and Transfer Record reveals that this firearm is not registered to the defendant or any other person. Additionally, neither this firearm nor any other firearm is registered to the defendant.

## PROPOSED FINDINGS OF FACT

Based on the evidence presented at the plea hearing, the undersigned now submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of entering an informed plea;

2. The defendant is aware of the nature of the charges and the consequences of his plea;

3. The defendant knowingly and voluntarily entered a plea of guilty to Counts Six and Seven of the Superseding Indictment; and

4. The evidence presents an independent basis in fact containing each of the essential elements of the offenses to which the defendant is pleading guilty.

## RECOMMENDED DISPOSITION

Based upon the above findings of fact, the undersigned RECOMMENDS that this court accept the defendant's plea of guilty to Counts Six and Seven of the Superseding Indictment and adjudge him guilty of that offense. The undersigned further DIRECTS that a presentence report be prepared and RECOMMENDS that the presiding District Judge defer acceptance of the plea agreement until after that report has been submitted to the Court. A sentencing hearing hereby is scheduled for July 8, 2005 at 1:30 p.m. before the presiding District Judge in Harrisonburg.

## NOTICE TO PARTIES

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C): Within ten days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. The presiding District Judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The

presiding District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The judge may also receive further evidence or recommit the matter to the undersigned with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 10 days could waive appellate review. At the conclusion of the 10-day period, the Clerk is directed to transmit the record in this matter to the presiding United States District Judge.

The Clerk is hereby directed to send certified copies of this Report and Recommendation to all counsel of record.

ENTERED: _____
United States Magistrate Judge

5/10/05
Date